**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TERESA D. BELL,
    Appellant,

  v.

DEPARTMENT OF THE NAVY,
    Agency.

DOCKET NUMBER
AT-3443-14-0652-I-1

DATE: December 16, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Teresa D. Bell, Jacksonville, Florida, pro se.

Bruce Buchanon, Mechanicsburg, Pennsylvania, for the agency.

Jennifer Gold, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her nonselection for a position with the agency for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        The appellant filed an appeal of her nonselection for the position of Supervisory Traffic Management Specialist, arguing that the agency had made an erroneous determination that she was not qualified for the position. Initial Appeal File (IAF), Tab 1 at 4-6. In the acknowledgment order, the administrative judge notified the appellant that the Board generally lacks authority to address a claim that an appellant was not hired or promoted and cited the statutory authority for Board jurisdiction regarding nonselection due to whistleblowing retaliation, uniformed service discrimination, or veterans' preference right violations. IAF, Tab 2 at 2. The agency filed a motion to dismiss the appeal, arguing that the Board lacks jurisdiction over the matter. IAF, Tab 4 at 4-5. In an initial decision issued without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, noting that despite receiving notice of the jurisdictional issue the appellant failed to submit evidence or argument. IAF, Tab 5, Initial Decision (ID) at 2. The administrative judge determined that the appellant provided no basis over which the Board would have jurisdiction over this nonselection action. ID at 2.

¶3        More than 2 months after the issuance of the initial decision, the appellant filed her petition for review outlining alleged new information in her case, including notification by the agency subsequent to filing the appeal that she was found qualified for the position in question but that it had already been filled. Petition for Review (PFR) File, Tab 1 at 2. The appellant reiterated her argument that the nonselection was a "missed opportunity" for her career but presented no argument or evidence of Board jurisdiction over the nonselection. *Id*. The appellant made no allegation of error in the administrative judge's analysis or findings regarding jurisdiction. *Id*. The Office of the Clerk of the Board notified

the appellant that the petition for review was untimely filed, as the time limit for filing was July 21, 2014, and the petition was received on August 25, 2014. PFR File, Tab 2 at 1. The appellant filed a motion to waive the time limit, arguing that the "workload in [her] office was and is very busy during the summer peak season" and that during this time period she was preparing for work travel, including attending "weekly meetings." PFR File, Tab 3 at 2. The travel documentation she provided indicated that the travel occurred in the middle of September, several weeks after she filed the petition for review. *Id*. at 4-5. The appellant continued that she "should have filed [her] paperwork via postal mail, in hindsight, it would have reminded [her] to act." *Id*. at 2. The agency filed a response, arguing that the petition for review was untimely without good cause and that, even if the Board found good cause for the untimeliness, the appellant had not met the regulatory criteria for review. PFR File, Tab 5 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 A petition for review generally must be filed within 35 days after the date of issuance of the initial decision or within 30 days after the date of receipt if the initial decision was received more than 5 days after the date of issuance. 5 C.F.R. § 1201.114(e). The administrative judge issued the initial decision on June 16, 2014, making the deadline to file the petition for review July 21, 2014. ID at 1, 3; PFR File, Tab 2 at 1. The appellant did not file her petition for review until she mailed it on August 20, 2014, more than 2 months after the issuance of the initial decision. PFR File, Tab 1.

¶5 The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). The party submitting the petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014). To determine whether a

party has established good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id.*

¶6      We find that the appellant has not established good cause for accepting her untimely petition for review. The appellant filed her petition 30 days after the deadline of July 21, 2014. PFR File, Tab 1, Tab 2 at 1. Although the appellant is proceeding pro se, we find unpersuasive her argument that she was unable to file timely due to her office being "very busy during the summer peak season." PFR File, Tab 3 at 2. As noted by the agency in its response, the work travel documented by the appellant occurred more than 1 ½ months after the time limit to file the petition for review. PFR File, Tab 3 at 4-5, Tab 5 at 5. The appellant's explanation that she was required to attend weekly meetings and prepare data for her assignment does not support a finding of good cause for untimely filing the petition for review by 30 days. *See* PFR File, Tab 3 at 2. The Board has held that an assertion of being too "busy," whether by an appellant or her representative, does not support a finding of exercising ordinary prudence under the circumstances to establish good cause for untimely filing. *See Murphy v. Department of the Treasury*, 91 M.S.P.R. 239, ¶ 8 (2002), *aff'd*, 85 F. App'x 729 (Fed. Cir. 2003); *see also Gerber v. Office of Personnel Management*, 57 M.S.P.R. 572, 576 (1993).

¶7      Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the lack of jurisdiction over the appellant's nonselection for the Supervisory Traffic Management Specialist position.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.